IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 10-798 |
| v. | : | |
| | : | CIVIL ACTION |
| ANTHONY RANSOM | : | NO. 13-5341 |

MEMORANDUM

Bartle, J. October 29, 2013

Defendant Anthony Ransom has filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.

On February 11, 2011 defendant pleaded guilty to four counts of bank robbery under 18 U.S.C. § 2113(a) and was sentenced on August 8, 2011 to 163 months in prison.[1] On appeal, defendant had argued that this court erroneously classified him as a "career offender" under § 4B1.1 of the advisory Sentencing Guidelines. The Court of Appeals rejected his argument. It explained that the Presentence Report identified defendant as a career offender and that his counsel in his sentencing memorandum agreed with that finding, although counsel pressed for a downward departure on the ground that defendant's guideline range overstated his criminal history since the assault was simply a "fight between two individuals who knew each other." Nonetheless, the Court vacated his sentence and remanded for this

1. The sentence was within the Guidelines range of 151-188 months.

court to rule on defendant's pro se letter motion for a downward departure or to determine whether it was out of order since defendant was represented by counsel. On remand, this court decided that the motion was out of order and reinstated the sentence imposed on August 8, 2011. See Nov. 28, 2012 Order (Doc. #48). No further appeal was filed.

Defendant now maintains that his counsel was ineffective for not arguing against his status as a career offender. Without career offender status, his guideline range would have been 110-137 months.

The Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), set forth the requirements for an ineffective assistance of counsel claim. Under the Strickland standard, defendant bears the burden of proving that: (1) his counsel's performance was deficient; and (2) he suffered prejudice as a result. Id.; United States v. Nino, 878 F.2d 101, 103 (3d Cir. 1989). Our scrutiny of counsel's performance is highly deferential in that we presume counsel's actions were undertaken in accordance with professional standards and as part of a "sound trial strategy." Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

The first prong requires that "[counsel's] performance was, under all the circumstances, unreasonable under prevailing professional norms." United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). Under the second prong, defendant must show "there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." Id. A "reasonable probability" is one that is "sufficient to undermine confidence in the outcome." Id. When ruling on a § 2255 motion, the court may address the prejudice prong first "and reject an ineffectiveness claim solely on the ground that the defendant was not prejudiced." Rolan v. Vaughn, 445 F.3d 671, 678 (3d Cir. 2006).

Section 4B1.1(a) of the advisory Guidelines provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Section 4B1.2(a)(1) of the advisory Guidelines reads:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, ...

Defendant had a previous conviction for robbery which is not in issue here. While he does not dispute that his prior state court conviction for assault was a felony punishable by a term of imprisonment exceeding one year,[2] he asserts that it was

---

2. Ransom, after a violation of his probation on the assault offense, was sentenced in the state court to incarceration of 3 (continued...)

not a crime of violence. If he is correct, he would not be a career offender under the advisory Guidelines since he would have only one, not two, prior felony convictions. See § 4B1.1(a)(3) of the Sentencing Guidelines.

Initially, the court must look to the statutory definition of the underlying offense and not to the particular facts on which the conviction was based. Taylor v. United States, 495 U.S. 575, 600 (1990); United States v. Mahone, 662 F.3d 651, 652-53 (3d Cir. 2011). This is known as the categorical approach. See, e.g., United States v. Tucker, 703 F.3d 205, 209 (3d Cir. 2012). However, if the statute describes the offense in the disjunctive, such that it can be violated in more than one way, the court applies the modified categorical approach. In that situation, the court may rely on the charging document, a written plea agreement or "some comparable judicial record." Shepard v. United States, 544 U.S. 13, 20, 21, 26 (2005); Mahone, 662 F.3d at 654.

In Pennsylvania, the definition of assault is in the disjunctive. A person is guilty of assault who "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." (emphasis added). 18 Pa. Cons. Stat. Ann. § 2701(a)(1). "Pure" recklessness, that is, where the perpetrator does not run the risk of intentionally using force in committing the crime, does not constitute a crime of violence.

---

2. (...continued)
to 23 months.

Aguilar v. Attorney General of the United States, 663 F.3d 692, 698 (3d Cir. 2011).

At the state court hearing where defendant pleaded guilty to assault, the transcript establishes that the Assistant District Attorney recited the facts. The defendant had entered the victim's room, placed him in a head lock, and punched him about the face. He also pointed at and threatened the victim with what turned out to be a starter pistol. In response to the court's question, the defendant agreed that the Assistant District Attorney's recitation of the facts accurately described what happened. Under these circumstances, there can be no doubt that defendant acted intentionally and knowingly and not merely recklessly. See United States v. Johnson, 587 F.3d 203 (3d Cir. 2009). Thus, even if defendant's counsel had objected to his career offender status, it would have been to no avail since the assault defendant had committed constituted a crime of violence as defined under § 4B1.2(a)(1) of the Sentencing Guidelines. With the defendant having been previously convicted of two such felony offenses, defendant was not prejudiced by the decision of his counsel not to object to his status as a career offender. See § 4B1.1(a)(3) of the Sentencing Guidelines. Strickland, 466 U.S. at 691.

Defendant also contends that he is entitled to relief because of the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). That decision has no relevance here. In Alleyne, the Court held that any fact which would

increase a statutory minimum sentence would have to be charged in the indictment and found by the jury if the case went to trial. Id. at 2155. Ransom was not subject to any statutory minimum sentence. See 18 U.S.C. § 2113(a).

Accordingly, the motion of defendant Anthony Ransom to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 will be denied. No certificate of appealability will issue.